**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jeanie Person, f/k/a/ Arthur, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 4197 |
| Zwicker & Associates, P.C., a Massachusetts professional corporation, | ) ) ) | |
| Defendant. | ) ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Jeanie Person, f/k/a Arthur, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Jeanie Person, f/k/a Arthur ("Person"), is a citizen of the State of North Carolina from whom Defendant continued to attempt to collect a delinquent consumer debt she owed for a Chase credit card, despite the fact that she had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal

Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

  4. Defendant, Zwicker & Associates, P.C. ("Zwicker"), is a Massachusetts corporation, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Zwicker was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Plaintiff.

  5. From Defendant Zwicker's offices in Illinois, Georgia, Texas, New York, Maryland, and Massachusetts, Defendant operates a nationwide debt collection business and attempts to collect delinquent debts from consumers throughout the country, including consumers in the State of Illinois. Defendant Zwicker's Illinois office is located in Lincolnwood, Illinois, from which it regularly conducts business in Illinois. <u>See</u>, printouts from Zwicker's web site, which are attached as Group Exhibit <u>A</u>.

  6. In fact, Defendant Zwicker is licensed to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>B</u>.

## FACTUAL ALLEGATIONS

  7. Ms. Person is a disabled woman, with limited assets and income, who fell behind on paying her bills. When Defendant Zwicker began trying to collect a delinquent Chase credit card from Ms. Person, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Zwicker's collection actions.

8. On March 13, 2010, one of Ms. Person's attorneys at LASPD told Zwicker, in writing, to cease all further collection actions because Ms. Person was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, on March 18, 2010, Defendant Zwicker sent a collection letter, directly to Ms. Person demanding payment of the Chase debt. A copy of this letter is attached as Exhibit D.

10. Accordingly, via letter dated May 18, 2010, but faxed on May 19, 2010, one of Ms. Person's LASPD attorneys again wrote to Defendant, to demand that Zwicker cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. All of Defendant Zwicker's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Zwicker's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Person's agent, LASPD, told Defendant Zwicker to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant Zwicker violated § 1692c(c) of the FDCPA.

16. Defendant Zwicker's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Zwicker knew that Ms. Person was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Zwicker to cease directly communicating with Ms. Person. By directly sending Ms. Person the collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendant Zwicker violated § 1692c(a)(2) of the FDCPA.

20. Defendant Zwicker's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jeanie Person, f/k/a Arthur, prays that this Court:

1. Find that Defendant Zwicker's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Person, and against Defendant Zwicker, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jeanie Person f/k/a Arthur, demands trial by jury.

                          Jeanie Person,

                          By: /s/ David J. Philipps
                          One of Plaintiff's Attorneys

Dated: July 7, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com